DAVIS, Judge.
C.O., a juvenile, challenges his adjudication of delinquency, based on his conviction of grand theft and possession of burglary tools. C.O. argues that the trial court erred in denying his motion for judgment of acquittal after the State had presented its evidence. We agree and reverse.
The State filed a petition for delinquency charging C.O. with five separate offenses. At trial, the State announced a nolle prosequi as to two of the charges. The trial court found C.O. not guilty of a third offense, but guilty of grand theft and possession of burglary tools. The trial court adjudicated C.O. delinquent and committed him to Level 6 detention. C.O. appeals his conviction and adjudication.
At trial, the State presented evidence that the car belonging to Sherri Mitchell was burglarized sometime between 6:00 p.m. on July 28, 1998, and 4:00 a.m. on July 29, 1998. Among the items taken from her car were three cases of cassette tapes. Around 2:30 a.m. on July 29, 1998, Tampa Police officers observed a pickup truck with two persons in the cab and three riding in the bed of the truck. As the officers approached the truck, they observed that the three individuals in the back of the truck appeared to be juveniles. The officer driving the patrol vehicle activated his police lights and made a traffic stop to investigate a possible curfew violation.
As the officers approached the back of the truck, they observed screw drivers, cassette tapes, compact discs, a purse, and a pouch that contained “lock out” tools, all scattered on the floor of the bed of the truck.[1] Neither officer could state exactly where C.O. was sitting in relation to the items on the floor. Not one of the items was in the personal possession of C.O. The officers determined that the purse belonged to Sherri Mitchell. Upon entering the cab of the truck, the officers also found several car stereos.
Since C.O. was not in actual possession of any of these stolen items nor in actual possession of the burglary tools, and since he jointly occupied the back of the truck with two others, the State must show that he was in constructive possession of the items to sustain the convictions. See Smith v. State, 687 So.2d 875 (Fla. 2d DCA 1997). To show constructive possession, the State must prove that C.O. knew of the presence of these items and that he knew of the illicit nature of the items. Id. at 878.
The State argues that because the items were in plain view, the trier of fact may infer that C.O. knew of the presence of the items. However, the testimony of the officers was vague as to exactly where the items were located in relation to C.O. While it is reasonable to infer that C.O. would have seen at least some of the items on the floor of the truck, that is not enough to infer constructive possession. And, there is no evidence to show that C.O. knew that these were stolen items or that the tools were being used as burglary tools.
Cassette tapes, compact discs, screwdrivers, and a purse are not illegal items. *631 The fact that they are present on the floor of a pickup truck does not necessarily put an observer on notice that they have been stolen. Moreover, the officers described the tools as being the type that are sold for the purpose of opening locked cars. In fact, one officer testified that in eighteen years of law enforcement work, he had used them many times to unlock cars. The State failed to present any evidence to show, or from which one could infer, that C.O. knew that these tools had been used, or could be used, for illegal entry.
Without some evidence showing that C.O. had knowledge of the illicit nature of the items found in the bed of the truck, the State failed to show that C.O. was in constructive possession of the items. Since the testimony clearly showed that he was not in actual possession and there was an inadequate showing of constructive possession, the trial court erred in denying the motion for judgment of acquittal.
Accordingly we reverse the conviction, the adjudication of delinquency and the commitment order.
PATTERSON, C.J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.

. The officers described the "lock out” tools as the bent metal rods used to enter a locked car when the key is unavailable.